IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PEAK PROPERTY RENTALS LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRACY GIBBONS, ROYCE MONSON, and DOES I-X,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICITON**<br><br>No. 2:24-cv-00516-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Now before the court is pro se Defendants Tracy Gibbons and Royce Monson's Notice of Removal.[1]  The court takes up this matter sua sponte based on its "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party . . . at any stage in the litigation."[2]  For the reasons explained below, the court REMANDS the case to Utah's Third Judicial District Court for lack of subject matter jurisdiction.[3]

---

[1] Dkt. 1, *Notice of Removal*.

[2] *Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

[3] Defendants previously attempted to remove the same case in April of this year.  *See* Case No. 2:24-cv-00274.  Just as the court does here, Judge Stewart remanded the case for lack of subject matter jurisdiction.  *See Peak Prop. Rentals, LLC v. Gibbons*, No. 2:24-cv-00274-TS-DBP, 2024 WL 3509454 (D. Utah July 22, 2024).  Defendants appealed that decision on July 23, 2024, the same day they filed the present Notice of Removal.  *See* Dkt. 27 (case no. 2:24-cv-00274), *Notice of Appeal*.

The court admonishes Defendants their "[p]ro se status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure," including Rule 11.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)).  Rule 11 grants the court broad discretion to impose sanctions against parties, pro se or otherwise, "who file signed pleadings, motions or other papers in district court which are not well grounded in fact, are not warranted by existing law or good faith argument for its extension, or are filed for an improper purpose."  *Enter. Mgmt. Consultants, Inc. v. United States*, 883 F.3d 890, 895 (10th Cir. 1989) (citation omitted).

1

## BACKGROUND

On March 18, 2024, Plaintiff Peak Property Rentals LLC filed a Complaint in Utah's Third Judicial District Court asserting a claim of unlawful detainer under Utah law.[4] Plaintiff alleged the action qualified "as a Tier 1 action" which, pursuant to the Utah Rules of Civil Procedure, means the damages claimed are less than $50,000.[5] Specifically, Plaintiff sought damages of $1,975.00 for rent Defendants allegedly failed to pay and $278.00 in contractual late fees, attorney fees, and costs. And, as permitted by Utah law, Plaintiff requested the state court award treble damages.[6]

Defendants filed the present Notice of Removal in the United States District Court for the District of Utah on July 23, 2024.[7] Defendants contend removal is proper pursuant to 28 U.S.C. § 1441 because the court has original jurisdiction over the case based on both diversity of citizenship and federal question jurisdiction.[8]

## DISCUSSION

"Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the action to federal court if the federal court has original jurisdiction over the action."[9] With some exceptions not relevant here, "original jurisdiction is lacking unless . . . diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint."[10]

---

[4] Dkt. 1-3, *Exhibit 2: Verified Complaint for Unlawful Detainer* (*Complaint*).

[5] *Id.* at 2.

[6] *Id.* at 3–4.

[7] *Notice of Removal*.

[8] *Id.* at 2.

[9] *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005); *see also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

[10] *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (internal quotations and citation omitted).

Defendants, who have the burden of establishing jurisdiction, contend both bases for subject matter jurisdiction are present here.[11]  The court disagrees.

As an initial matter, as Plaintiff has not yet objected to Defendants' removal, the court addresses its authority to independently raise jurisdictional infirmities and remand a case on its own initiative.  Because "[s]ubject matter jurisdiction defines the court's authority to hear a given type of case . . . . district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions sua sponte" when it is found to be lacking.[12]  Likewise, in the removal context, the "jurisdictional prerequisite to removal is an absolute, non-waivable requirement."[13]  Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[14]  The Tenth Circuit has not squarely addressed whether a district court may remand sua sponte for lack of subject matter jurisdiction.  However, in *City of Albuquerque v. Soto Enterprises, Inc.*, it implied such remands are appropriate, perhaps even required,[15] and other district courts in the circuit have long remanded cases for lack of jurisdiction on their own initiative.[16]

---

[11] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[12] *City of Albuquerque v. Soto Enter., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) (internal citations and quotations omitted).

[13] *Hunt*, 427 F.3d at 726 (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)).

[14] 28 U.S.C. § 1447(c).

[15] In *City of Albuquerque*, the Circuit addressed the question of whether a district court could remand a case sua sponte for procedural defects.  In concluding courts lack that authority, the Circuit contrasted procedural defects with jurisdictional, noting that "unlike jurisdictional defects (which cannot be waived and can be raised sua sponte by the court), courts lack authority to remand sua sponte for procedural defects, and the parties can waive such defects by failing to raise them in a timely manner."  *City of Albuquerque*, 864 F.3d at 1093.  The court cited a Ninth Circuit decision holding that "a district court 'cannot remand sua sponte based on a non jurisdictional defect because procedural deficiencies are waivable.'"  *Id.* (citing *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014)).

[16] *See, e.g., Sandel v. Quality Stone Veneer, Inc.*, No. 15-cv-01956-PAB, 2015 WL 5302477 (D. Colo. Sept. 10, 2015) (remanding sua sponte for lack of subject matter jurisdiction); *Velarde v. Velarde*, No. 08-1044, 2009 WL 2426232 (D.N.M. June 29, 2009) (same); *Jeter v. Jim Walter Homes, Inc.*, 414 F.Supp. 791, 792–93 (W.D. Okla. 1976) (same); *Pettit v. Ark. La. Gas Co.*, 377 F.Supp. 108, 110 (E.D. Okla. 1974) (same).

Based on this authority, the statutory dictates, and the court's obligation to independently assure jurisdiction exists at all stages of the litigation, the court determines it is appropriate to take this issue up sua sponte. The court next explains why it concludes it does not have subject matter jurisdiction, based on either diversity of citizenship or federal question jurisdiction.

### A. Diversity of Citizenship

Defendants first assert removal is proper under the court's diversity jurisdiction.[17] Removal based on diversity jurisdiction requires Defendants establish by a preponderance of the evidence that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," and that the suit is between "citizens of different states."[18] Defendants contend that, although Plaintiff's claim does not exceed $75,000, the amount in controversy requirement is met because "Defendants assert a counterclaim of $1,000,000 in damages for Plaintiff's attempts at wrongful eviction and because Plaintiff has violated defendants' civil rights."[19] Concerning diversity of citizenship, Defendants assert this requirement is met because they are Idaho residents and "Plaintiff is a business headquartered in Utah."[20] Defendants are listed as Utah residents in both Plaintiff's Complaint and in Defendants' filings before the court. As Defendants explain, "a Utah address will be listed until Defendants can file a motion to seal their Idaho address in federal court due to ongoing harassment by Plaintiff."[21] This is likely insufficient to demonstrate diversity of citizenship. However, the court need not address that issue because Defendants decidedly fail to establish the requisite amount in controversy.

---

[17] *Notice of Removal* at 2.

[18] 28 U.S.C. § 1332(a); *see McPhail v. Deere & Co.*, 529 F.3d 947, 950–57 (10th Cir. 2008).

[19] *Notice of Removal* at 4.

[20] *Id.* at 2.

[21] *Id.*

Although Defendants' burden at this stage is not exacting, their Notice of Removal must at least include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[22] They have not done this.  Plaintiff filed their Complaint as a "Tier 1 action" under the Utah rules, meaning it seeks less than $50,000 in damages.[23] As alleged, they seek to recover approximately $2,000, which, even if trebled, amounts to only $6,000—far short of the $75,000 required.  Defendants' argument that their counterclaim of $1,000,000 brings the amount in controversy across the threshold is unavailing.[24] As demonstrated by Defendants' Answer, filed with their Notice of Removal, they have not asserted a counterclaim in this case.[25] And, "[b]ecause the counterclaim[] [was] not filed at the time of removal, [it] cannot be considered to determine the amount in controversy."[26] Moreover, "Section 1441(a) [] does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."[27]

Accordingly, Defendants fail to establish the court has diversity jurisdiction because they do not, and cannot, plausibly allege the amount in controversy exceeds $75,000.[28]

---

[22] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

[23] *Complaint* at 2.

[24] *Complaint* at 3.

[25] Dkt. 1-3, *Exhibit B: Defendants' Answer*.

[26] *Peak Prop. Rentals, LLC v. Gibbons*, No. 2:24-cv-00274-TS-DBP, 2024 WL 3509454, at *2 (D. Utah July 22, 2024) (collecting cases); *see also* 28 U.S.C. § 1446(c)(2) ("If a removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

[27] *Home Depot U.S.A. v. Jackson*, 587 U.S. 435, 442 (2019).

[28] Defendants' allegations concerning the citizenship of the parties are also likely deficient for numerous reasons. However, because Defendants cannot satisfy the amount in controversy requirement, the court need not engage with the issue.

## B. Federal Question

Alternatively, Defendants assert that removal is proper under the court's federal question jurisdiction "because Defendants' civil rights have been violated."[29] However, this too fails because Plaintiff's Complaint asserts only a state law cause of action, and Defendants cannot manufacture jurisdiction by raising a defense or counterclaim based on federal law. Under 28 U.S.C. § 1331, federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[30] The question of whether "a claim arises under federal law" depends on the "'well pleaded' allegations of the complaint and ignore[s] potential defenses."[31] It is well-settled in the Tenth Circuit "that to support removal jurisdiction, 'the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'"[32]

Plaintiff's Complaint raises a single claim for unlawful detainer under Utah law.[33] This does not arise under federal law. Defendants' argument that the court has federal question jurisdiction because "Plaintiff has violated defendants' civil rights" is legally unsupportable. Defendants "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby

---

[29] *Notice of Removal* at 2.

[30] 28 U.S.C. § 1331.

[31] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). The doctrine of "complete preemption" provides a limited "exception to the well-pleaded complaint rule." *Id*. However, "[c]omplete preemption is . . . quite rare" and does not apply here. *Id.* (quoting *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012)).

[32] *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (quoting *Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 635 F.2d 797, 800 (10th Cir. 1980)).

[33] *Complaint* at 2.

selecting the forum in which the claim shall be litigated."[34]  Defendants purported federal defense does not create federal question jurisdiction and does not provide a basis for removal.

## CONCLUSION

For the reasons explained above, Defendants' removal was improper because the case does not fall within the court's original jurisdiction.  Accordingly, the court REMANDS the case for lack of subject matter jurisdiction to Utah's Third Judicial District Court.

SO ORDERED this 16th day of August 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[34] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) (citation omitted).